IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ELRODA SHAVAYA THOMPSON,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants.* | No. 3:23-cv-50042<br><br>HON. IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Elroda Shavaya Thompson, formerly incarcerated at United States Penitentiary Thomson, brings this action against the United States and several Federal Bureau of Prisons (BOP) officers. He alleges that the officers used improper and excessive force against him in retaliation for a complaint he previously made against one of the officers. Before the Court is the United States' motion for summary judgment. For the following reasons, the motion is granted.

**ANALYSIS**

The United States argues that it is entitled to summary judgment on Mr. Thompson's claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), because he hadn't exhausted his administrative remedies before filing this action. Under the FTCA, a plaintiff must first present a claim to the appropriate federal agency and wait for the agency to deny the claim. 28 U.S.C. § 2675(a); *see also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). A complaint with a premature FTCA claim generally cannot be cured by amending the claim; the plaintiff must file a new suit.

1

*Wess v. U.S. Gov't*, No. 10 C 4555, 2010 U.S. Dist. LEXIS 115327, at *3-5 (N.D. Ill. Oct. 28, 2010) (collecting cases); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); *see McNeil v. United States*, 508 U.S. 106, 111-12 (1993).

BOP has not yet made a determination on Mr. Thompson's administrative claim. The parties agree that because BOP failed to dispose of the claim by June 8, 2023—six months after submission—it should be deemed to have issued a final denial for purposes of the FTCA's exhaustion requirement. *See* 28 U.S.C. § 2675(a). The parties disagree as to whether Mr. Thompson prematurely filed his FTCA claims against the United States before that date. If he did, then the FTCA claims cannot proceed in this action.

Mr. Thompson filed two complaints in this case before June 8, 2023. In the initial complaint filed on February 1, 2023, he named the United States as a defendant. Dkt. 1. In the first amended complaint filed on May 12, 2023, Mr. Thompson wrote that it was a "complaint under the FTCA, 28 USC § 1346(b)(1)," but he did *not* include the United States as a defendant (listing only BOP officers). Dkt. 8. Although neither presents an instance in which Mr. Thompson both explicitly invoked the FTCA and named the United States as a defendant, both contain FTCA claims against the United States. *See Pretlow v. Garrison*, 420 F. App'x 798, 802 (10th Cir. 2011) ("This is true even though [the plaintiff] did not name the United States in his pleadings. When, as here, federal employees are sued in tort for actions taken within the scope of their employment, the FTCA affords the employees absolute immunity and requires the plaintiff to proceed against the United States, whose sovereign immunity

2

is waived in certain limited respects for this purpose."); *Millwood v. Labno*, No. 2:22-CV-212-TLS-APR, 2023 U.S. Dist. LEXIS 162222, at *13 (N.D. Ind. Sept. 13, 2023). Thus, Mr. Thompson prematurely filed his FTCA claims, and he must file a new action to pursue those claims.

## CONCLUSION

The United States' motion for summary judgment is granted. The United States is terminated from this case. The dismissal of Mr. Thompson's FTCA claims is without prejudice, *see Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); Mr. Thompson may file a new action with the FTCA claims.

Date: July 31, 2024

_____
HON. IAIN D. JOHNSTON
*United States District Judge*

3